IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW REICHERT<br>12530 Medinah Road<br>Peyton, CO 80831,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br>1400 Defense Blvd.<br>Pentagon<br>Washington D.C. 20301,<br><br>      Defendant. | Case No. 22-cv-1400<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action under section 702 of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 500 *et seq.*, challenging the disability rating assigned by the Secretary (the "Secretary") of the United States Army (the "Army"), a branch of the Department of Defense (the "DoD"), to Plaintiff Andrew J. Reichert, a former Army Specialist ("SPC Reichert").

2. On January 31, 2006, while serving in a combat zone in Iraq, a Bradley Fighting Vehicle driven by SPC Reichert took a direct hit from an improvised explosive device. The resulting explosion fractured SPC Reichert's back, causing him acute pain for a sustained period of time. Notwithstanding that pain, SPC Reichert persevered and completed his deployment. Thereafter, rather than properly granting SPC Reichert disability retirement for service adversely impacting his health, on February 24, 2008, the Army discharged SPC Reichert for medical reasons after assigning him a 0% disability rating for his back disability. This rating was (and remains) low given his physical condition, especially in light of the 40% disability rating assigned by the U.S. Department of Veterans Affairs (the "VA")) for the same disability just four months later

based on the same rating standards and a pre-discharge January 2008 exam of SPC Reichert. As a result, SPC Reichert was denied military retirement (and its associated benefits). SPC Reichert combat injuries entitle him to those benefits.

3. In October 2018, SPC Reichert filed an application with the DoD Physical Disability Board of Review (the "PDBR"), a federal agency established in 2008 "to review and, where appropriate, correct unjustifiably low Department of Defense disability ratings awarded since 2001." 153 Cong. Rec. 20342 (2007). In support of his request for a higher disability rating for his back injury, SPC Reichert provided substantial evidence, including documentation of physical examinations that described his thoracolumbar flexion as being limited to 30 degrees. In October 2020, the Secretary of the Army, on the recommendation of a 2-1 majority of the PDBR, erred and issued just a 20% disability for SPC Reichert's back injury. Had the Secretary applied the proper disability rating of 40%, as the PDBR minority recommended, SPC Reichert would have qualified for disability retirement.

4. The Secretary's determination that SPC Reichert did not merit a disability rating of at least 30% is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law and resulted in legal harm to SPC Reichert. SPC Reichert is entitled to judicial review under the APA. *See* 5 U.S.C. § 706(2)(A) ("The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]").

**JURISDICTION AND VENUE**

5. Jurisdiction in this Court is based on a federal question and is proper under 28 U.S.C. §§ 1331, 2201, and 2202. SPC Reichert seeks relief under the APA, 5 U.S.C. §§ 701-706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Venue is conferred under 28 U.S.C. § 1391(b)(1), and 1391(e)(1). Defendant's denial of SPC Reichert's PDBR application is

reviewable under the APA because the denial is "final agency action" and SPC Reichert has no other adequate remedy at law.  5 U.S.C. § 704.  The denial is "final agency action" because it "mark[s] the 'consummation' of the agency's decisionmaking process."  *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations omitted).[1]  Defendant determined SPC Reichert's "rights or obligations" in the denial, and "legal consequences will flow" from the denial.  *Id*.  Indeed, the PDBR's majority decision establishes that it "is final" and that "[r]ecourse within the Department of Defense or the Department of the Army is exhausted."  *Letter to Andrew J. Reichert*, dated October 6, 2020.

## PARTIES

6. Plaintiff Andrew J. Reichert served in the Army from December 30, 2004 until February 24, 2008, when the Army honorably discharged SPC Reichert due to a medically unfitting condition.  SPC Reichert is a citizen of the United States and resides in Peyton, Colorado.  Throughout his service, SPC Reichert was a member of a regular component of the armed forces entitled to basic pay and, therefore, is an eligible member as required for disability retirement under the Career Compensation Act of 1949.  10 U.S.C. § 1201(a), (c).

7. Defendant DoD, 1400 Defense Pentagon, Washington D.C. 20301-1400, is a department of the Executive Branch of the United States Government.  The Secretary is the head of the Department of the Army, which is a branch of the DoD.  The DoD is an agency of the United States as defined by section 701(b)(1) of the APA and falls within the scope of 28 U.S.C. § 1391.

---

[1] The denial also qualifies as final agency action because it "denies a right" to SPC Reichert.  *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003).

**SUBSTANTIVE ALLEGATIONS**

**A.    Background**

8.    SPC Reichert served honorably on active duty in the Army from December 30, 2004 through February 24, 2008.  He worked as a Cavalry Scout in Military Occupational Specialty 19D and was awarded multiple medals and citations, including the Army Commendation Medal with V Device, the National Defense Service Medal, the Iraq Campaign Medal, the Army Service Ribbon, and the Combat Action Badge.

9.    On January 31, 2006, while serving in a combat zone in Iraq, a Bradley Fighting Vehicle driven by SPC Reichert took a direct hit from an improvised explosive device.  SPC Reichert's resulting injuries (which included a fractured back) caused him to suffer acute pain for an extended period of time; he was treated for ongoing back pain during the remainder of his time in Iraq.  Medical records from his deployment indicate that, as of July 2006, SPC Reichert suffered from continuing lower back pain that radiated downward and was found to have a four-centimeter knot on the right side of his para-spinal lumbar region.  Because X-rays were not available in the field, a complete diagnosis was not performed until SPC Reichert returned stateside.  In order to complete his deployment, SPC Reichert relied on pain medications.

10.    On returning to the United States, SPC Reichert underwent further physical examinations.  An X-ray performed in March 2007 revealed a wedge compression fracture of his first lumbar vertebra (the "L1 Vertebra"), with approximately 33% anterior height loss, and slight narrowing of the third and fourth lumbar disc.  That same month, SPC Reichert was put on a temporary profile for low back pain with radiculopathy.

11.    A spine specialist referred SPC Reichert for pain management and physical therapy. At his first physical therapy evaluation and pain management appointments, both in April 2007, SPC Reichert reported pain "with bending forward to 30 degrees that increased with right and left

4

rotation." During his physical therapy, SPC Reichert received epidural steroidal injections and the prescription of pain medication to treat his condition.

12. Despite therapy and treatments, SPC Reichert was placed on a permanent profile in May 2007, which was later updated to include post-traumatic stress disorder ("PTSD") as a profiled medical condition. Later that month, SPC Reichert was evaluated by a civilian neurology clinic, which confirmed tenderness and spasm in the lumbar spine and found that SPC Reichert's "[range of motion was] limited in all planes" with primary pain.

13. SPC Reichert's frequent medical examinations in the succeeding months confirm that he continued to experience back pain and reduced range of motion that his physical therapy did not relieve. At a physical therapy examination in June 2007, eight months before his separation, the range of motion of SPC Reichert's back was "guarded and limited in all planes about 75%" with pain (consistent with approximately 22 degrees of flexion). He underwent two series of bilateral medial branch block injections in July and September 2007. Nonetheless, SPC Reichert's pain continued, and as of late September 2007, he reported that he was taking approximately 10 Percocet per day and that his lower back pain level remained at 7 out of 10 and was accompanied by shooting pain. His military physician continued him on a regimen of pain management medications, including methadone with Percocet for breakthrough pain.

B.     **MEB and PEB Proceedings**

14. On October 23, 2007, SPC Reichert underwent a physical examination in support of his Medical Evaluation Board ("MEB") proceedings. An MEB is a board of two or more physicians that evaluates a service member's conditions and, if appropriate, refers its findings to the Physical Evaluation Board (the "PEB"). If so referred, the PEB is responsible for determining whether a service member meets retention standards and, if not met, formally assigning disability ratings.

15. When the Army determines that a service member has one or more disabilities that make the member unfit for continued military service, the service member is typically separated from service with either a lump-sum disability severance payment or disability retirement status based on the combined disability rating assigned to the service member.[2] The Army is required to apply the disability rating criteria contained in the disability rating schedule of the VA, known as the VA Schedule for Rating Disabilities ("VASRD"), 38 C.F.R. Part IV. Unlike service members who receive the lump-sum severance payment, a disability retiree is entitled to, among other things, military health care (TRICARE) for the retiree, the retiree's spouse, and the retiree's minor children, access to military bases, and commissary privileges.

16. The MEB collected SPC Reichert's service-related medical history, conducted a medical evaluation, and referred him for neuropsychological testing with regard to his attention and memory loss issues. In October 2007, a military examiner prepared a Narrative Summary (a "NARSUM") of the MEB process, which, based on the results of SPC Reichert's physical examination and earlier examinations, concluded that SPC Reichert's chronic low back pain and compression fracture caused SPC Reichert to fall below medical retention standards. The NARSUM noted SPC Reichert's lumbar range of motion as flexion to 15 degrees with a combined range of motion of 140 degrees (based on an October 23, 2007 examination) and incorporated diagnoses and comments regarding SPC Reichert's other medical conditions, noting specifically SPC Reichert's history of blast exposure and associated loss of consciousness and his identification of headaches on a July 2007 medical questionnaire. However, the NARSUM did not find any

---

[2] Like other military branches, if the Army assigns the service member a disability rating of 20% or less, the service member is entitled to a lump-sum disability severance payment, and if the Army assigns the service member a disability rating of 30% or more, the service member is entitled to disability retirement status.

conditions, other than SPC Reichert's back condition, that caused him to fall below medical retention standards.

17. On December 6, 2007, the PEB was convened to evaluate SPC Reichert's back injury. Based on the findings of the MEB, the PEB determined that SPC Reichert's vertebral fracture caused him to be unfit for military service. Applying VASRD Diagnostic Code 5235 (pertaining to vertebral fractures), the PEB assessed SPC Reichert's disability rating at 0% and recommended that he be separated with severance pay and not issued a disability retirement.[3] The PEB concluded that SPC Reichert's PTSD and headaches were not unfitting conditions, and therefore did not assign ratings for them. Although SPC Reichert indicated that he did not agree with the PEB's findings, he waived a formal hearing.

**C.     VA Evaluation and Rating Decision**

18. Before his discharge from the Army, SPC Reichert filed a disability claim with the VA and, as part of that process, was examined by the VA in January 2008. On inspection of SPC Reichert's lower back, the examining physician noted a tremendous amount of pain, spasm, and tenderness to pressure and touch, with his low back range of motion flexion limited to 30 degrees. That same month, SPC Reichert underwent another X-ray of his lumbosacral spine, which confirmed moderate compression fracture and anterior wedging of the L1 Vertebra and decreased height of its body. Based on the physical exam and X-ray results, the VA physician diagnosed SPC Reichert with, among other things, severe chronic lumbar strain associated with a wedge fracture of the lumbar spine and compression at the L1 Vertebra.

---

[3] Pursuant to VASRD Diagnostic Code 5235, a thoracolumbar spinal injury is assigned a disability rating of (i) 40%, if forward flexion of the thoracolumbar spine is 30 degrees or less, (ii) 30%, if forward flexion of the thoracolumbar spine is greater than 30 degrees but not greater than 60 degrees, (iii)10%, if forward flexion is greater than 60 degrees but not greater than 85 degrees, and (iv) 0%, if forward flexion is greater than 85 degrees, in each case, regardless of symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease.

19. In a June 2008 rating decision, the VA assigned SPC Reichert a 40% disability rating for his back condition in accordance with VASRD Diagnostic Code 5235-5237.[4] SPC Reichert's condition did not improve over time. Indeed, in January 2009, 11 months after separation, he underwent an examination that described his lumbar range of motion as "negligible to minimal, with forward flexion 20 degrees, extension 5 degrees, side bending less than 5 degrees," with sharp pain.

### D. The PDBR Decision

20. On October 16, 2018, SPC Reichert filed an application with the PDBR for an increase in the combined disability rating assigned by the Army. SPC Reichert requested that the PDBR recommend increasing his combined disability rating on three grounds: (a) his back condition merited a disability rating of 40%; (b) his headaches were unfitting and merited a disability rating of 10%; and (c) his PTSD was unfitting and merited a disability rating of 30%.

21. On June 16, 2020, in a 2-1 decision, a majority of the PDBR recommended a 20% upward adjustment to the disability rating assigned to SPC Reichert's back condition based on evidence that SPC Reichert's pain was myofascial in nature,[5] with a range of motion that supported recommendations between 10% and 40% at different examinations, and rejected SPC Reichert's other arguments. The following chart compares the Army and VA ratings assigned to SPC Reichert's back condition, following the PDBR's adjustment:

---

[4] The VA also assigned SPC Reichert a 10% disability rating for a headache condition resulting from traumatic brain injury, in accordance with VASRD Diagnostic Code 8045-8100, and a 30% disability rating for his post-traumatic stress disorder, in accordance with VASRD Diagnostic Code 9304-9411.

[5] Myofascial pain refers to pain caused by muscular irritation.

| Post-PDBR Rating | | | VA Ratings (Four Months After Separation) | | |
|---|---|---|---|---|---|
| Condition | Code | Rating | Condition | Code | Rating |
| Vertebral Fracture, Compression of L1 | 5235 | 20% | Lumbar Strain, status post wedge fracture and compression L1 with bilateral radiation | 5235-5237 | 40% |
| | | | | | |

22. The majority did not recommend a change to SPC Reichert's retirement status. However, the PDBR minority found that the examinations of highest probative value concerning SPC Reichert's back condition showed evidence of forward flexion limitation of the thoracolumbar spine of 30 degrees or less. Such a limited range of motion warrants a 40% rating under VASRD Diagnostic Code 5235, which rating the minority recommended for SPC Reichert's back condition after giving due deliberation, considering all evidence, and remaining mindful of VASRD § 4.3 (providing that any reasonable doubt regarding the degree of a disability be resolved in favor of the claimant).

23. On October 6, 2020, the Secretary adopted the majority's recommendation.[6] That decision exhausted SPC Reichert's remedies with the DoD.

24. Federal law requires the Secretary and the PDBR to follow the VASRD, and service branches "may not deviate" from the VASRD except when the Secretary of the Army and the Secretary of the VA have jointly prescribed a deviation. 10 U.S.C. § 1216a; Department of Defense Instruction 6040.44, Enclosure 3, § 5. The Secretary of the Army and the Secretary of the VA did not prescribe any deviation from the VASRD regarding SPC Reichert's conditions.

---

[6] The Deputy Assistant Secretary of the Army, Alexander Conyers, signed the letter accepting the PDBR's recommendation. The Deputy Assistant Secretary acts on behalf of the Secretary of the Army.

25. The Secretary's assignment of a 20% combined disability rating was arbitrary, capricious, and not supported by substantial evidence because it ignores the ample evidence in the record supporting a 40% disability rating for SPC Reichert's back condition. If this condition had been correctly assessed under the VASRD in place at the time of the determination, the Secretary would have assigned it a 40% disability rating. However, SPC Reichert's condition was not correctly assessed, and he suffered a legal wrong due to the Secretary's determination.

## COUNT I

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

26. SPC Reichert incorporates the allegations set forth in paragraphs 1-25 above, as if fully set forth herein.

27. The Secretary's October 6, 2020 decision to adopt the PDBR's recommendation and refuse to change SPC Reichert's disability status is subject to judicial review as a final "agency action" under the APA. *See* 5 U.S.C. §§ 551(13), 701, 704. SPC Reichert's appeal to the PDBR was the final administrative option available to him for review of his disability rating. Although he made every attempt in good faith to resolve this conflict within the DoD itself, such attempts were to no avail, and as a result SPC Reichert has exhausted all possible administrative remedies for challenging his erroneous disability rating.

28. Under section 706(2)(A) of the APA, this Court is required to hold unlawful and set aside a final agency action that is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.

29. The Secretary's decision to adopt a 20% combined disability rating for SPC Reichert was arbitrary, capricious, unsupported by substantial evidence, and contrary to law because it failed to recognize significant record evidence that SPC Reichert's injuries merited higher disability ratings in compliance with the VARSD under 10 U.S.C. § 1216a and, as pointed

out by the PDBR's minority's opinion, did not recognize the preponderance of evidence established a 40% rating for SPC Reichert's back disability based on the most probative objective medical examinations.

30.     The minority opinion recognized that a 40% disability rating was warranted under 38 C.F.R § 4.3 because the PDBR must resolve any doubt in the favor of SPC Reichert when reasonable doubt arises regarding the disability rating for a particular injury, like his back disability.  The PDBR also violated other parts of the VASRD, including 38 C.F.R. § 4.7 which mandates that a higher disability rating be assigned when there's a question as to which of two disability ratings must be assigned to a disability.  Because the PDBR was deciding between a 20% rating and a 40% rating for SPC Reichert's back injury, the PDBR should have assigned a 40% rating when considering and properly applying § 4.7.  The arbitrary and capricious nature of the Secretary's decision is plain in light of the 40% rating provided by the VA for his back condition, which considered the same evidence and was required to apply the same rating standards.  *See* 10 U.S.C. § 1216a.  Accordingly, the Secretary's decision is unlawful and must be set aside.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrew J. Reichert, respectfully requests this Court to enter judgment against the defendant and award the following relief:

a.      find the Secretary's decision to adopt the recommendation of a majority of the PDBR and modify SPC Reichert's disability rating to 20%, without re-characterization of discharge, to be a final agency action within the meaning of 5 U.S.C. § 704;

b.      find that the Secretary's decision to adopt the recommendation of a majority of the PDBR was arbitrary, capricious, unsupported by substantial evidence, and contrary to law, and set aside those decisions under 5 U.S.C. § 706(2)(A);

      c.      order the Secretary to correct SPC Reichert's military records to reflect a corrected disability rating of at least 40%; and

      d.      grant such other and further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 19, 2022
Washington, D.C.

Respectfully submitted,

*/s/ Maximilian A. Grant*

Maximilian A. Grant (D.C. Bar No. 481610)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone:   (202) 637-2200
Facsimile:    (202) 637-2201
Email:           max.grant@lw.com

– and –

James Ktsanes (*pro hac vice* pending)
Jeramy D. Webb (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:   (312) 876-7700
Facsimile:    (312) 993-9667
Email:           james.ktsanes@lw.com
                    jeramy.webb@lw.com

– and –

David Sonenshine (D.C. Bar No. 496138)
Esther Leibfarth (D.C. Bar No. 10164515)
Rochelle Bobroff (D.C. Bar No. 420982)
**NATIONAL VETERANS**
**LEGAL SERVICES PROGRAM**
1600 K Street, NW, Suite 500
Washington, DC 20006
Telephone:   (202) 621-5681
Email:           david@nvlsp.org
                    esther@nvlsp.org
                    rochelle@nvlsp.org

*Attorneys for Andrew J. Reichert*

13